UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:26-cv-60659-LEIBOWITZ

MIGUEL ALEJANDRO MORENO ORTA,

     *Petitioner*,

*v.*

MARCOS CHARLES, ICE ENFORCEMENT AND
REMOVAL OPERATIONS, ACTING EXEC. DIR.,
et al.,

     *Respondents*.

_____/

## ORDER IN HABEAS CASES SEEKING RELIEF

**THIS CAUSE** comes before the Court on Petitioner's Petition for Writ of Habeas Corpus (the "Petition") [ECF No. 1], filed on March 6, 2026.  Petitioner is currently being detained at Broward Transitional Center ("BTC") in Pompano Beach, Florida.  [*Id.* ¶¶ 2, 7, 13, 20, 22, 27].  Before addressing the merits of the Petition, the Court must determine whether it may properly exercise jurisdiction over this action and whether Respondents are properly named as parties.

It is well-settled that a court has jurisdiction to consider a habeas corpus petition only if the court has jurisdiction over the proper respondent to the petition.  *See Campbell v. Wolf*, No. 20-cv-20768, 2020 WL 2109933, at *1 (S.D. Fla. Feb. 26, 2020) (Williams, J.) (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004)).  "The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is the person who has custody over the petitioner."  *Id.* (cleaned up).  That is, the proper respondent is the "immediate custodian" of the prisoner with the ability to produce the prisoner's body before the habeas court.  *Id.*  "A district court acts within its respective jurisdiction within the meaning of § 2241 as long as the custodian can be reached by service of process."  *Id.* (alteration adopted) (quoting *Rasul v. Bush*, 542 U.S. 466, 478–79 (2004)).

There are several named Respondents in this case.  Respondent Warden, Broward Transitional Center is Petitioner's "immediate custodian."  [ECF No. 1 ¶ 27].  Because the BTC is located within the Southern District of Florida, the Warden of BTC is amenable to service of process.  Accordingly, the Court has jurisdiction over the Petition and the Warden of BTC is a proper Respondent.

However, Respondents Marcos Charles, Juan Agudelo, Charles Wall, Kristi Noem, Pamela Bondi, and Todd M. Lyons are not the "immediate custodians" of Petitioner.  [*See id.* ¶¶ 21–26]. Unlike the Warden of BTC, these Respondents are solely supervisory officials.  [*Id.*].  Therefore, they must be dismissed from the case.  *See Campbell*, 2020 WL 2109933, at *1; *see also Jarrett v. U.S. Att'y Gen.*, No. 23-20790-CIV, 2024 WL 4165273, at *1 n.1 (S.D. Fla. Feb. 7, 2024) (Singhal, J.) ("In cases involving present physical confinement, the Supreme Court reaffirmed . . . that 'the immediate custodian, not a supervisory official who exercises legal control, is the proper respondent.'" (quoting *Rumsfeld*, 542 U.S. at 439)).

Turning to the merits of the Petition, the Court is inclined to grant Petitioner's request for a bond hearing, pursuant to 8 U.S.C. § 1226(a), on an expedited basis.  In prior cases involving essentially indistinguishable facts, Respondents have advanced the novel position that immigrants like Petitioner are subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2)(A).  *See, e.g.*, *Ocampo Fernandez v. Ripa*, No. 1:25-cv-24981-DSL, ECF No. 17 (S.D. Fla. Nov. 25, 2025); *Landaverde v. Ripa*, No. 0:25-cv-62474-DSL, ECF No. 11 (S.D. Fla. Dec. 18, 2025); *Velasquez v. Diaz, et al.*, No. 1:25-cv-25604-DSL, ECF No. 24 (S.D. Fla. Dec. 18, 2025); *Martinez v. Field Off. Dir.*, No. 1:25-cv-26026-DSL, ECF No. 7 (S.D. Fla. Jan. 14, 2026); *Moncada v. Noem, et al.*, 0:25-cv-62285-DSL, ECF No. 14 (S.D. Fla. Jan. 16, 2026).  To date, most courts have sided against Respondent on this issue.  *See Perez v. Parra*, Case No. 1:25-cv-24820-KMW (S.D. Fla. Oct. 27, 2025), ECF No. 9 at 6–10 (collecting "countless" cases). Indeed, the Government itself has acknowledged in prior filings before this Court that its position is, generally speaking, a losing one.  *See, e.g.*, *Velasquez*, ECF No. 19 at 1 n.1.  While the Court will address

with fresh eyes any factual or legal argument either party wishes to place before it, in the interest of judicial economy and because of the increased number of these cases with materially indistinguishable facts and legal argument, upon due consideration it is hereby **ORDERED AND ADJUDGED** as follows:

1. Any removal proceedings to which Petitioner is now or may be subjected shall be **ADMINISTRATIVELY STAYED** pending the resolution of the Petition. Respondent Warden of BTC **SHALL NOT** transfer or remove Petitioner outside of the geographical boundaries of the Southern District of Florida during the pendency of these proceedings and until further Order of this Court.

2. Respondent Warden of BTC shall *either* (1) provide Petitioner an individualized bond hearing, consistent with 8 U.S.C. § 1226(a) <u>within fourteen (14) days of the entry of this Order</u>, or otherwise release Petitioner; *or* (2) show cause in writing justifying Petitioner's detention and shall produce a copy of the full record of Petitioner's arrest, detention, removal proceedings, and any other documents necessary for the resolution of the Petition **no later than March 24, 2026**. *See* 28 U.S.C. § 2243 (stating that a response to an order to show cause "shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed").

   a. If Respondent Warden of BTC chooses to provide Petitioner an individualized bond hearing, Counsel for Petitioner must be afforded a meaningful opportunity to prepare for and attend the bond hearing. <u>No less than 72 hours prior to the time the bond hearing is set to commence</u>, Respondent Warden of BTC shall notify counsel that a bond hearing has been scheduled, which notice shall include the time, date, and location of the bond hearing and shall apprise counsel of any

procedural requirements that must be satisfied in order to appear on behalf of Petitioner at the bond hearing.

b.  If Respondent Warden of BTC elects to show cause, Respondent's brief shall set forth the factual and legal reasons why this case is distinguishable from other cases in which bond hearings have been granted.  Petitioner may, but is not required to, file a reply to Respondent's response **no later than March 30, 2026**.

3.  Petitioner shall provide Respondent Warden of BTC's counsel with a copy of this Order **no later than April 1, 2026**, and shall file a notice with the Court certifying the same. Counsel for Respondent Warden of BTC shall *immediately* notify the Court upon receipt of this Order of the name of the Assistant United States Attorney or other attorney for the Government to whom the case is assigned.

4.  The *Clerk* is **DIRECTED** to **DISMISS** Respondents Kristi Noem, Pamela Bondi, Todd Lyons, Field Office Director, United States Department of Homeland Security, United States Immigration and Customs Enforcement, and Executive Office for Immigration Review from this case.

5.  All pending motion are **DENIED** as moot.

**DONE AND ORDERED** in the Southern District of Florida on March 17, 2026.

_____
DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc:  counsel of record
     Sealed Clerk